CHAMBERS *v.* OGLE.

Opinion delivered September 28, 1914.

APPEALS—BOND FOR COSTS—PRACTICE IN SUPREME COURT—NONRESIDENT APPELLANT.—Under Kirby's Digest, § 1198, which provides that "the appellant may be required to give security for costs under the same circumstances that plaintiffs in civil actions may be so required," a nonresident appellant, who has appealed to the Supreme Court,

will be required to execute bond, with surety to be approved by the clerk, conditioned that he will pay the costs of the appeal in the event that the judgment be affirmed or the appeal dismissed.

Appeal from Madison Chancery Court; *T. H. Humphreys,* Chancellor; motion sustained.

*John W. Grabiel,* for appellant.

*Wade H. James,* for appellee.

PER CURIAM: Appellees filed a motion, alleging that appellant is a nonresident of the State, and asking the court to make an order requiring him to give bond for costs, pursuant to section 1198, of Kirby's Digest, which provides that "the appellant may be required to give security for costs under the same circumstances that plaintiffs in civil actions may be so required."

The statute relied on clearly gives this court the power to require a nonresident appellant to give bond for costs, but the question is, what should be the terms and conditions of the bond, whether to pay the whole costs of the action, or merely the costs of the appeal.

The statutes provide that nonresident plaintiffs and corporations, with certain exceptions, shall give bond for costs upon the commencement of an action, and upon failure to give such bond, the action may be dismissed. Kirby's Digest, § 959, *et seq.*

The word "circumstances" used in section 1198 refers to the fact of nonresidence, and not to the terms of the bond. This section deals with parties as appellants, and not with respect to their status in the lower court; whereas, the general sections on the subject apply only to plaintiffs. It necessarily follows that in dealing with the party as an appellant, it was the design of the lawmakers in this section to require security for the costs incurred on appeal, and not the costs of the whole action; otherwise, the requirement would amount to a denial of the right to appeal without supersedeas of the judgment for costs. There is nothing in our statutes which appears to militate against the right of any party to appeal from the judgment against him without being

required to give bond to supersede such judgment; but the provision of the section now under consideration is one dealing with the costs of the appeal and requiring a nonresident appellant to give bond for costs of the appeal.

An order will therefore be entered, in accordance with that section requiring the appellant in this case to execute bond, with surety to be approved by the clerk, conditioned that he will pay the costs of the appeal in the event that the judgment be affirmed or the appeal dismissed.